MATTER OF PAPARO

In SECTION 223 Proceedings

A-13308317

*Decided by Acting Regional Commissioner May 1, 1964*

An application for a permit to reenter the United States under section 223, Immigration and Nationality Act, must be submitted prior to the applicant's departure from this country.

The application was denied by the District Director, Miami, Florida on March 26, 1964. It is now considered on appeal.

In denying the application, the District Director gave the following reasons:

You are statutorily ineligible to apply for a reentry permit in that section 223 provides that an applicant for a Permit to Reenter the United States must execute and submit his application for such permit prior to his proposed departure from the United States.

The applicant is a 54-year-old male, a native and citizen of Italy. He was lawfully admitted to the United States for permanent residence at New York City on April 3, 1963. Subsequent to his admission, he returned to Italy and on February 28, 1964, the subject application was received by the District Director, Miami, Florida.

Section 223 of the Act provides that any alien lawfully admitted for permanent residence "who intends" to depart temporarily may make application for a permit to reenter the United States. The instructions which are contained on Form I-131, Application for Permit to Reenter the United States, state in part, under item 3, that "The application must be submitted while you are in the United States . . ." Section 103.2, Title 8, Code of Federal Regulations provides that the instructions contained on an application are "incorporated into the particular section of the regulation requiring its submission", while section 223.1 of those regulations requires an application for a reentry permit to be submitted on Form I-131. It is clear from the language of the statute and the relating regulations that an application filed after the applicant has departed from the United States has not been properly submitted. In the instant case the application was submitted

after the alien had departed since it was subscribed and sworn to on February 20, 1964 in Naples, Italy.

Under the circumstances, the District Director had no alternative but to deny the application as the applicant is by statute and regulation ineligible to receive a reentry permit. Accordingly, the decision of the District Director will be affirmed, and the appeal dismissed.

**ORDER:** The decision of the District Director, Miami, Florida is affirmed, and the appeal of the appellant is dismissed.